**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MATTHEW D. MCMASTER,    )
                        )
    Plaintiff,          )
                        )    CASE NO.
v.                      )
                        )    **1:25-CV-4077**
                        )
KARLI SMITH a/k/a KARLI FRIED,    )
                        )
    Defendant.          )

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 23 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

## I. INTRODUCTION

1. Plaintiff Matthew D. McMaster brings this action for prospective relief under 42 U.S.C. § 1983, against Karli Smith who—acting under color of state law—has violated and will continue to violate Plaintiff's First Amendment rights to petition the government, to a fair and impartial decisionmaker, and a fair and impartial tribunal.

2. In the State of Georgia, government employees of the State's judiciary have progressively encroached on citizens' rights and liberties under color of law without adherence to or authority of actual law.

3. Among other damages, citizens find themselves being unlawfully searched, interrogated, deprived of parental rights and subject to arrest at the order

1

of certain judges in retaliation of the exercise of their rights to assemble, organize, candidacy, free speech, and rights to petition the government.

4. There is no known remedy in the State due to government immunity protections, a broken recusal process and the Director of the Judicial Qualifications Commission ("JQC")—the administrative body responsible for judicial oversight in Georgia—has close political ties to Cobb County; and the Director, as the gatekeeper who decides which reported cases get investigated, discriminately screens out legitimate complaints against Cobb County judges. The JQC Director believes that Plaintiff's exercise of his First Amendment rights against her, in her official capacity, is "harassment." Neither the Court of Appeals nor the Supreme Courts of Georgia can provide prospective relief against a county's calendar clerk. There is no discovery process or mechanism in the state courts for addressing issues with Court staff. Even if there was, the state courts are so heavily saturated with a culture of judicial protectionism that any alleged remedial tool would be rendered *de facto* inadequate.

5. The citizens of Cobb County have no recourse against the state actors methodically and systematically violating the citizens' rights but to adhere to their demands in the face of anticipated retaliation. Those who do not submit do in fact face substantial, material and damaging retaliation.

2

6. Plaintiff in this case has taken reasonable lawful measures and has exercised his First Amendment rights to deter or otherwise remedy Cobb County's situation described herein, and Plaintiff has progressively been retaliated against and has had his Constitutional and federal rights and privileges violated by state actors under color of law.

7. Judge Alan G. Poole, a Cobb County Superior Court Judge, has a clear duty to recuse himself from any matters involving Plaintiff under Georgia Code of Judicial Conduct and federal due process standards. For reasons shown in the pending case in this same Court, Case No. **1:24-cv-3436-JPB**, Judge Poole has a conflict with Plaintiff so severe that he has a duty to recuse himself from Plaintiff's cases. In Case No. **1:24-cv-3436-JPB**, Plaintiff is seeking declaratory and injunctive relief to prevent Judge Poole from further depriving Plaintiff of his rights, liberties and protections provided under the Constitution and federal law and, most importantly, to protect his Constitutional right to a fair and impartial tribunal, as guaranteed by the Due Process Clause of the Fourteenth Amendment.

8. When Plaintiff entered his appearance in *Murray v. Hill*, Cobb County Superior Court Case No. 23104461, Plaintiff was not aware that Karli Smith was a shared calendar clerk of both Judge Poole and Judge Jacobs. Plaintiff was also unaware at the time he entered the *Murray* case that Karli Smith was formerly "Karli Fried" who was also a longtime member of Judge Poole's staff. There is no

3

adequate remedy for removing a calendar clerk in Cobb County Superior Court, as there isn't even a remedy for recusing a judge from a case in Cobb County Superior Court unless the judge "voluntarily" recuses themselves. Because of the unfettered access that the calendar clerk has with the judges she works for, even if there was a remedy for removing a calendar clerk, it cannot be done in a Constitutional manner that removes the bias that favors the calendar clerk in the Cobb County Superior Court.

9. Plaintiff seeks declaratory and injunctive relief to prevent Karli Smith, who is acting under the influence of Judge Poole, from further depriving Plaintiff of his (and in turn his clients') rights, liberties and protections provided under the U.S. Constitution and federal law and, most importantly, to protect Plaintiff's Constitutional right to a fair and impartial tribunal, as guaranteed by the Due Process Clause of the Fourteenth Amendment.

10. Plaintiff is not asking this Court to vacate or set aside the judgments of the State courts. Plaintiff is not complaining to have this Court review in any appellate capacity the erroneous State court judgments against Plaintiff. Rather, Plaintiff believes he is entitled to an impartial decision-maker, equal protection of the law, due process, the right to petition the government for grievances, and freedom from retaliation for exercising his First Amendment rights, and Plaintiff needs protection from violations thereof.

4

## II. **PARTIES**

11. Plaintiff, Matthew D. McMaster, is a citizen of Cobb County, Georgia, residing at 1095 New Haven Dr. SW, Marietta, GA 30064. He is an active, licensed member in good standing of the State Bar of Georgia, bringing this action pro se.

12. Defendant Karli Smith is a Calendar Clerk for Judge Julie Adams Jacobs and Judge Alan G. Poole of the Cobb County Superior Court, with her office(s) at 70 Haynes St., Courtrooms 6400 and 7300, Marietta, GA 30090. Plaintiff sues Karli Smith in her official capacity.

## III. **JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-2202, and under 42 U.S.C. § 1983 since this action seeks to protect the rights, privileges and/or immunities secured by the United States Constitution and federal laws, under color of laws, statutes, ordinances, regulations, customs and usages of the State of Georgia and political subdivisions thereof.

14. Venue is proper under 28 U.S.C. § 1391, as the parties reside in Cobb County and the events giving rise to the claims occurred within the jurisdiction of the Northern District of Georgia.

## IV. BACKGROUND

15. Plaintiff has exercised his First Amendment Constitutional rights against the interests of several Cobb County Superior Court judges.

16. Because Plaintiff is an attorney in Cobb County whose primary practice focuses on civil litigation, Plaintiff will likely have cases assigned to Judge Alan G. Poole and Judge Julie Adams Jacobs in the future. Defendant Karli Smith remains and will continue to remain (1) under the influence and direction of Judge Poole, (2) under the influence and persuasion of Judge Pool's staff, and (3) in control of the scheduling of hearings and trials in cases pending before Judge Jacobs.

17. Under Canon 2.11(A) of the Georgia Code of Judicial Conduct, "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned . . . ." For reasons shown in U.S. District Court, Norther District of Georgia, Case No. **1:24-cv-3436-JPB**, Judge Poole has a duty to recuse himself from Plaintiff's cases randomly assigned to Judge Poole.

18. The actions and behaviors of certain judges (e.g., Judge Poole) are indicative of individuals who do not fear accountability. This is also common for judges' staff attorneys and calendar clerks, who are appointed in their positions by the judges, and carrying out the intentions of the extrajudicial motives of the judges serves as a form of job security for the calendar clerk.

6

19. A judge's staff, who is subject to the control and direction of the judge, cannot engage in behavior that a judge cannot engage in. *See* Canon 2.3(B); Canon 2.9(A)(3); Canon 2.9(D), *Comment [12]*; Canon 2.10(C); Canon 2.12(A); Canon 2.12(B)(1), *Comment [1]*.

20. Staff attorneys and calendar clerks have unfettered access and influence over the judges they work under. An example of the undue influence that a judge's staff member, who has unfettered *ex parte* influence over a judge, can have over a judge is articulated well in an article entitled Flournoy Train Leads Newbie Off A Cliff, by Andy Lee White (published on July 8, 2023), which is available at https://thewikilaw.org/wiki/index.php/Flournoy_Train_Leads_Newbie_Off_A_Cliff.

21. The Due Process Clause of the Fourteenth Amendment guarantees Plaintiff the right to a fair and impartial tribunal, free from bias or the appearance of bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927).

22. A judge's failure to recuse when required by law or when their impartiality might reasonably be questioned violates due process. *See Caperton*, 556 U.S. at 881; Georgia Code of Judicial Conduct, Canon 2.11(A).

23. Judge Poole has established a pattern for not recusing himself from cases that he should, forcing parties to motion to recuse him—this will fail 100% of the

7

time no matter the facts and circumstances because Cobb County judges protect each other and will always deny a motion to recuse a fellow judge.

24. Defendant Smith is still under the control, direction, persuasion and influence of Judge Poole and Judge Poole' Staff even when serving as the calendar clerk for Judge Jacobs.

### A. Summary of Related Case Against Judge Poole.

25. On August 2, 2024, Plaintiff filed a complaint in this Court under 42 U.S.C. § 1983 for declaratory and injunctive relief against the JQC director and several Cobb County Superior Court judges. The case has been voluntarily dismissed against all but one defendant in that case, and that is Judge Poole. That Case No. **1:24-cv-3436-JPB** is still pending, seeking declaratory and/or injunctive relief against Judge Poole.

26. Judge Poole has a duty to recuse himself from Plaintiff's cases under State law, federal law, and the Georgia and United States Constitutions. Judge Poole refuses to recuse himself from Plaintiff's cases, causing irreparable harm to Plaintiff. An order enjoining Judge Poole from presiding over Plaintiff's cases will protect Plaintiff's rights to due process under the Fourteenth Amendment and, in turn, Plaintiff's right to a fair and impartial tribunal, free from bias or the appearance of bias.

8

27. Plaintiff has a First Amendment right to free speech, candidacy, and petitioning the government—which Plaintiff has exercised through his 2022 and 2024 judicial campaigns and through public criticism of the JQC, public criticism of Cobb County Superior Court judges, motions to recuse against Judge Poole, petitions for mandamus against other judges, and JQC complaints. Plaintiff has a right to be free from retaliation from Judge Poole for Plaintiff's exercise of his rights under the United States Constitution, federal law, the Georgia Constitution and the laws of Georgia.

28. Judge Poole, as a Cobb County Superior Court Judge, acts under color of state law when presiding over cases in which Plaintiff is an attorney of record. Plaintiff's office is located in Marietta and the Cobb County judiciary hosts the majority of Plaintiff's cases. Because Plaintiff is an attorney whose primary practice focuses on civil litigation, Plaintiff will likely have cases assigned to Judge Poole in the future.

29. In Cobb County, if a Cobb County Superior Court judge does not voluntarily recuse himself/herself, there is no viable remedy because the judges protect each other, cover each other, will not recuse one another regardless of the facts or circumstances, and the recusal process codified in the Uniform Superior Court Rules is thus rendered nonfunctional. The Court of Appeals and Supreme Court cannot provide prospective relief to prevent this ongoing issue.

9

30. Plaintiff seeks declaratory and injunctive relief in Case No. **1:24-cv-3436-JPB** to prevent Judge Poole from further depriving Plaintiff of his rights, liberties and protections provided under the Constitution and federal law and, most importantly, to protect his Constitutional right to a fair and impartial tribunal, as guaranteed by the Due Process Clause of the Fourteenth Amendment.

### B. Standing Against Karli Smith.

31. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) a deprivation of a right secured by the Constitution or federal law, and (2) that the deprivation was committed by a person acting under color of state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

32. Defendant has caused Plaintiff to be deprived of rights secured by the Constitution, State law and federal law, who is a state actor, under color of state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

33. The Due Process Clause of the Fourteenth Amendment guarantees Plaintiff the right to a fair and impartial tribunal, free from bias or the appearance of bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927). The abuse of a calendar clerk's unfettered *ex parte* access and influence to a judge violates due process.

34. Plaintiff, an attorney practicing primarily in civil litigation in Cobb County, Georgia, has exercised his First Amendment rights in a manner that conflicts with the interests of certain Cobb County Superior Court judges, including Judge Alan G. Poole, thereby exposing Plaintiff to retaliation through judicial processes.

35. As an active civil litigation attorney in Cobb County, Plaintiff is likely to have cases assigned to Judge Alan G. Poole and Judge Julie Adams Jacobs in the future, creating a direct and ongoing interest in the impartial administration of justice in their courtrooms.

36. Defendant Karli Smith, as the calendar clerk for Judge Julie Adams Jacobs, remains under the influence and direction of Judge Poole and his staff, and exercises control over the scheduling of hearings and trials in cases pending before Judge Jacobs, thereby affecting Plaintiff's ability to receive fair and impartial proceedings.

37. Plaintiff has a constitutionally protected right under the Due Process Clause of the Fourteenth Amendment to a fair and impartial tribunal, free from bias or the appearance of bias, as established in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009), and *Tumey v. Ohio*, 273 U.S. 510 (1927).

38. The Georgia Code of Judicial Conduct, Canon 2.11(A), mandates that judges disqualify themselves in any proceeding where their impartiality might

11

reasonably be questioned, and Judge Poole has a documented duty to recuse himself from cases involving Plaintiff due to prior conflicts, as evidenced in U.S. District Court, Northern District of Georgia, Case No. **1:24-cv-3436-JPB**.

39. Defendant Smith, as a calendar clerk subject to the control and direction of Judge Poole and his staff, is bound by the same ethical constraints as judges under the Georgia Code of Judicial Conduct, including Canons 2.3(B), 2.9(A)(3), 2.9(D), Comment [12], 2.10(C), 2.12(A), and 2.12(B)(1), Comment [1], which prohibit staff from engaging in conduct that undermines judicial impartiality.

40. Defendant Karli Smith, formerly Karli Fried, has a history of abusing her public service role as a trusted staff member of the Cobb County Superior Court under the direction and control of Judge Poole. Defendant Smith has under the direction of Judge Poole (i) made evidence disappear, some only to reappear with no chain of custody, (ii) directed members of the Cobb County Superior Court Clerk's office to take action inconsistent with their clerk duties for the purpose of retaliating and prejudicing a litigant, and most recently (iii) used her scheduling power and influence to deprive Plaintiff and Plaintiff's client of due process in *Murray v. Hill*, Cobb County Superior Court Case No. 23104461. Judge Jacobs does not know the full extent of Judge Poole's influence and control over Defendant Smith, and there is no mechanism to allow for Judge Jacobs to come to

a fair and impartial determination regarding Defendant Smith's propensity and motives to prejudice Plaintiff and Plaintiff's clients.

41. Defendant Smith's continued influence over case scheduling, while under the direction of Judge Poole and his staff, creates a substantial risk of bias or the appearance of bias in the administration of Plaintiff's cases pending before Judge Jacobs, violating Plaintiff's due process rights.

42. Judge Poole's established pattern of failing to recuse himself from cases where his impartiality is reasonably questioned exacerbates the risk that Defendant Smith's actions, as an extension of Judge Poole's influence, will deprive Plaintiff of a fair tribunal.

43. The undue influence of judicial staff, such as Defendant Smith, over judicial proceedings, as articulated in Flournoy Train Leads Newbie Off A Cliff by Andy Lee White (published July 8, 2023, available at https://thewikilaw.org/wiki/index.php/Flournoy_Train_Leads_Newbie_Off_A_Clif f), is a known problem in Cobb County Superior Court and demonstrates the ability of court staff to affect judicial impartiality, directly impacting Plaintiff's cases.

44. Plaintiff faces an imminent and ongoing injury due to Defendant Smith's role in scheduling hearings and trials for Judge Jacobs while at the same time under the influence of Judge Poole, Judge Poole's staff and Judge Poole's agenda

thereby threatening Plaintiff's constitutional right to an impartial tribunal in future cases assigned to Judge Jacobs.

45. Plaintiff's status as an attorney with a continuing practice in Cobb County establishes a concrete and particularized interest in ensuring that Defendant Smith's actions do not cause the deprivation of an impartial tribunal by abusing her power as a calendar clerk and unfettered *ex parte* access to Judge Jacobs, satisfying the requirements for standing under 42 U.S.C. § 1983 for injunctive and declaratory relief.

46. The actions of Defendant Smith, in her capacity as calendar clerk, constitute government actions and state action under the direction of Judge Poole (who is a state actor) and his staff, thereby subjecting her conduct to scrutiny under 42 U.S.C. § 1983 for violations of Plaintiff's First and Fourteenth Amendment rights.

47. Plaintiff seeks injunctive and declaratory relief to prevent Defendant Karli Smith from further abusing her influence over Judge Jacobs and interfering with the scheduling of cases in which Plaintiff is a party or an attorney of record.

## V. LEGAL STANDARDS

48. For declaratory relief under § 1983, Plaintiff demonstrates: (1) an actual controversy between the parties, (2) a judicially remediable injury, and (3) that the

declaration will clarify the parties' legal relations. 28 U.S.C. § 2201; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

49. For injunctive relief under § 1983, Plaintiff shows: (1) a substantial likelihood of success on the merits, (2) irreparable injury absent the injunction, (3) the threatened injury outweighs harm to the defendant, and (4) the injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## VI. CLAIMS

### COUNT I: Declaratory Relief Against Kali Smith Under 42 USC § 1983.

50. This Count incorporates the factual allegations set forth above.

51. An actual controversy exists between Plaintiff and Karli Smith and only this Court can provide the declaratory relief necessary to protect Plaintiff's rights from being violated by Karli Smith; and this declaration will clarify the parties' legal relations. *See* 28 U.S.C. § 2201; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

52. Plaintiff has standing for, at minimum, reasons outlined in Paragraphs 31-47 above and for further reasons shown below.

### 1. The Controversy Between Plaintiff and Defendant.

53. Defendant Smith's continual interference with litigants' and attorneys' rights under the control and direction of Judge Poole puts Plaintiff in a class of

15

individuals that will undoubtedly be prejudiced due to the deprivation of due process. No reasonable person would believe that Plaintiff will receive a fair and impartial hearings, free from bias or the appearance of bias, so long as Defendant Smith remains in an influential role as a calendar clerk over Plaintiff's cases in Cobb County Superior Court, especially given the creative scheduling (evidencing an agenda) that Defendant Smith is the cause of and responsible for.

## 2. Declaratory Relief Will Clarify the Rights and Duties Between the Parties.

54. A judicially remediable injury exists. Plaintiff's First Amendment rights are chilled and Karli Smith, being under the influence of Judge Poole's agenda and persuasion, denies Plaintiff due process. Not only does Defendant intend to further Judge Poole's agenda against Plaintiff, but she feels it is in her best interest for her career to do what Judge Poole, Judge Poole's staff, and members of Judge Poole's inner circle ask her to.

55. A declaration that Defendant Smith is disqualified from cases involving Plaintiff will clarify the parties' legal relations and prevent further constitutional violations.

56. Plaintiff requests an order declaring (i) that Karlie Smith is disqualified from having any involvement over any matters in Cobb County Superior Court in which Plaintiff is a party or attorney of record; and (ii) that Karli Smith's use of her trust and authority as a calendar clerk materially interferes with Plaintiff's rights to

16

due process; and (iii) that if Karlie Smith remains acting as a calendar clerk over cases in which Judge Jacobs is presiding, Plaintiff will be entitled to injunctive relief pursuant to 42 U.S.C. §1983 against Karli Smith and Judge Jacobs.

57. Plaintiff is entitled to this relief sought for reasons shown above and, in short, because Karli Smith manipulating the scheduling of hearings and trials for Judge Jacobs' cases in which Plaintiff is an attorney of record violates Plaintiff's First Amendment and Fourteenth Amendment rights. This relief is necessary to protect Plaintiff's due process right to an impartial tribunal and impartial decision-maker and, further, is a prerequisite for injunctive relief under § 1983 should one in the future be necessary for Judge Jacobs.

**COUNT II: Injunctive Relief Against Karli Smith Under 42 USC § 1983.**

58. This Count incorporates the factual allegations set forth above.

59. Plaintiff pleads injunctive relief as an alternative remedy should the evidence reveal or the Court otherwise determine that a declaration by this Court is insufficient to deter Karli Smith from continuing her role as a calendar clerk over Plaintiff's cases. Presently, there is no adequate state remedy for removing a calendar clerk who is a county employee—unlike the judges they work under who are state employees.

60. Plaintiff is likely to succeed on the merits; Plaintiff will suffer irreparable injury absent the injunction; the threatened injury outweighs harm to Karli Smith;

17

and an injunction will serve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

61. The ongoing violation of Plaintiff's rights constitutes irreparable harm, as the loss of First Amendment freedoms and due process protections cannot be fully remedied. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

62. Monetary damages are not adequate to compensate for the chilling of speech or ongoing violations of Plaintiff's due process rights.

63. The harm to Plaintiff from continued constitutional violations far outweighs any administrative inconvenience to Karli Smith in her role as a calendar clerk.

64. Enjoining unconstitutional state action serves the public interest by protecting constitutional rights and ensuring judicial accountability.

65. Plaintiff has standing for, at minimum, reasons outlined in Paragraphs 31-47 above and for further reasons shown below.

### 1. Plaintiff Is Likely to Succeed on the Merits

66. Plaintiff is entitled to preliminary and permanent injunctive relief. *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, at 546, n. 12, 107 S.Ct. 1396 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success").

67. Plaintiff is likely to prevail on his § 1983 claim for injunctive relief because Defendant's execution of Judge Poole's agenda against Plaintiff by using her influence and authority over Judge Jacobs' cases in which Plaintiff is an attorney of record violates Plaintiff's rights to due process, an impartial tribunal and impartial decision-maker.

68. Plaintiff in his capacity as a lawyer representing litigants, who are parties to lawsuits, is entitled to an impartial decision-maker in any court of law in the State of Georgia.

69. Judge Poole abuses his power to do favors for his cronies and supporters; and Judge Poole retaliates with impunity against his adversaries and individuals who exercise their First Amendment rights against his interest.

70. Defendant Smith has a history of abusing her public service role as a trusted staff member of the Cobb County Superior Court under the direction and control of Judge Poole. Defendant Smith has under the direction of Judge Poole (i) made evidence disappear, some only to reappear with no chain of custody, (ii) directed members of the Cobb County Superior Court Clerk's office to take action inconsistent with their clerk duties for the purpose of retaliating and prejudicing a litigant, and most recently (iii) used her scheduling power and influence now as Judge Jacobs' calendar clerk to deprive Plaintiff and Plaintiff's client of due process in *Murray v. Hill*, Cobb County Superior Court Case No. 23104461.

71. Plaintiff incorporates by reference Paragraphs 31-47 above.

72. Defendant's continued participation in Plaintiff's case(s) creates an unconstitutional probability of bias, as articulated in *Caperton*, 556 U.S. at 881, and constitutes an ongoing violation of Plaintiff's Fourteenth Amendment rights.

73. Because Defendant is acting under color of state law in her official capacity as Judge Jacobs' calendar clerk, Plaintiff's § 1983 claim is well-founded, and injunctive relief is appropriate under *Ex parte Young*.

## 2. Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

74. Defendant's ongoing participation in Plaintiff's case(s) causes irreparable harm by denying Plaintiff his fundamental rights to due process, an impartial tribunal and impartial decision-maker.

75. The deprivation of constitutional due process rights constitutes irreparable harm per se. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of constitutional rights, even for minimal periods, constitutes irreparable injury).

76. Plaintiff faces immediate harm from Defendant's bias scheduling, which wrongfully disfavors Plaintiff and Plaintiff's clients and result in unfair trial proceedings, unwarranted sanctions and irreversible legal consequences.

77. Absent injunctive relief, Plaintiff has no adequate remedy at law to prevent the ongoing violation of his constitutional rights. No money, law, or consequence can remedy a violation of a person's Constitutional right by a State

20

actor under color of law—such violation itself is the injury in fact, and it cannot be undone. Moreover, there is no state mechanism to prove to a Superior Court judge that their calendar clerk has an agenda against Plaintiff's interests and the calendar clerk is a county employee, not a state employee like a Superior Court judge.

78. Plaintiff's office is located in Marietta and the Cobb County judiciary hosts the majority of Plaintiff's cases. Because Plaintiff is an attorney whose primary practice focuses on civil litigation, Plaintiff will more than likely have cases assigned to Judge Jacobs in the future. Plaintiff's First Amendment rights to free speech and to petition the government in the Cobb County Superior Court stand chilled.

### 3. The Balance of Equities Tips in Plaintiff's Favor

79. Granting the injunction will protect Plaintiff's constitutional rights without imposing undue hardship on Defendant or the judicial system.

80. Defendant has no legitimate interest in serving as the calendar clerk for Plaintiff's cases.

81. The judicial system can readily assign another staff member to schedule hearings for Plaintiff's case(s), ensuring minimal disruption to judicial proceedings.

82. By contrast, denying the injunction would perpetuate harm to Plaintiff and Plaintiff's clients and undermine public confidence in the judiciary's integrity.

21

### 4. An Injunction Is in the Public Interest

83. The public has a strong interest in maintaining a fair and impartial judiciary, as judicial bias and corruption erodes trust in the legal system. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1909 (2016).

84. Enjoining Defendant from having a role in the administration of Plaintiff's case(s) will uphold the principles of due process and reinforce the judiciary's commitment to impartiality.

85. The public interest is further served by ensuring that judicial proceedings are conducted free from bias or the appearance of bias, consistent with constitutional mandates.

86. Plaintiff prays for injunctive relief as an alternative remedy if declaratory relief is determined not to be enough for subsequent state action, enjoining Defendant from serving any role that could impact judicial matters in which Plaintiff is a party or attorney of record.

87. Plaintiff is entitled to this relief sought for reasons shown above and, in short, because Karli Smith serving in an administrative role for cases in which Plaintiff is an attorney of record violates Plaintiff's First Amendment and Fourteenth Amendment rights. This relief is necessary to protect Plaintiff's due process right to an impartial tribunal and impartial decision-maker and, further, is a prerequisite for injunctive relief under § 1983 for Judge Jacobs.

22

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)  Assume jurisdiction over this action.

(b)  Enter an order declaring that Karli Smith is disqualified from having any involvement in Cobb County Superior Court cases in which Plaintiff is a party or attorney of record.

(c)  Enter an order declaring that Karli Smith's historic methods of interfering with litigation, including her role as calendar clerk for Judge Jacobs' cases in which Plaintiff is a litigant or an attorney of record was and is unconstitutional.

(d)  Enter an order declaring that if Karli Smith continues to serve in an administrative role or in any capacity over Plaintiff's cases, Plaintiff will be entitled to injunctive relief pursuant to 42 U.S.C. §1983.

(e)  If declaratory relief is determined to be an insufficient remedy, enter an order enjoining Karli Smith from serving in an administrative role or in any capacity over Plaintiff's cases.

(f)  Exercise its equitable discretion to enter an order it deems just and proper.

23

This submission was prepared using Times New Roman 14-point font in compliance with L. Rule 5.1(C).

Submitted this 23rd day of July, 2025.

Respectfully submitted,

/s/ _____

Matthew D. McMaster
Plaintiff, *Pro se*

OFFICE
12 Powder Springs St.
Suite 230
Marietta, GA 30064
(770) 362-6490 (cell)
(800) 890-3981 (office)
mdmcmaster@mcmasterlegal.com

HOME
1095 New Haven Dr. SW
Marietta, GA 30064
(770) 362-6490 (cell)

24